AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by _____ D.C.

AUG 2 2 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America<br>v.<br>Juan Carlos Diaz,<br>a/k/a "Ever Reynold Diaz-Zunun,"<br><br>*Defendant(s)* | Case No. 12-8335-JMH |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 21, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Deportation |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

ICE Deportation Officer Andy Korzen
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/22/2012

_____
Judge's signature

City and state: West Palm Beach, Florida

U.S. Magistrate Judge James M. Hopkins
*Printed name and title*

## AFFIDAVIT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge; a review of immigration records; as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those necessary to establish probable cause to charge Juan Carlos DIAZ, a/k/a Ever Reynold DIAZ-ZUNUN with Illegal Re-entry after Deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about August 18, 2012, an individual identifying himself as Ever Reynold DIAZ-ZUNUN was arrested on State law offense and booked into the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for Juan Carlos DIAZ, an alien previously removed from United States. The IAFIS hit also revealed that Juan Carlos DIAZ was assigned Alien Registration Number A088 848 118.

4. On or about August 18, 2012, your affiant received documents from the alien file bearing control number A088 848 118 corresponding to Juan Carlos DIAZ.

1

Those records indicate that Juan Carlos DIAZ is a native and citizen of Mexico, who was ordered removed from the United States on or about June 16, 2008. Records further show that on two separate occasions Juan Carlos DIAZ was removed and deported from the United States, that is, on or about June 17, 2008, and on or about August 4, 2010. On each occasion, law enforcement officers obtained Juan Carlos DIAZ's fingerprint on a Warrant of Removal/Deportation.

5.   Martin County Sheriff's Office fingerprint expert Diane Crowther conducted fingerprint comparison in this case. She compared the prints appearing on the aforementioned Warrants of Removal/Deportation with the prints taken in connection with the August 18, 2012 arrest of the individual identifying himself as Ever Reynold DIAZ-ZUNUN. She concluded that the prints matched.

6.   Your affiant performed a record check in the Computer Linked Application Informational Management System ("CLAIMS") to determine if Juan Carlos DIAZ had filed an application for permission to reapply for admission into the United States after deportation. After a search was performed in that database system, no record was found to exist indicating that Juan Carlos DIAZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law. Certificate of Non-Existence of Record has been requested from Bureau of Citizenship and Immigration Services.

7. Based on the foregoing, your affiant avers that there exists probable cause to charge Juan Carlos DIAZ, a/k/a Ever Reynold DIAZ-ZUNUN with Illegal Re-entry After Deportation, in violation of Title 8, United States Code, Section 1326(a).

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 22 day of August, 2012.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  12-8335-JMH

UNITED STATES OF AMERICA

vs.

JUAN CARLOS DIAZ,
a/k/a "Ever Reynold Diaz-Zunun,"

   Defendant.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  _X_ No

                    Respectfully submitted,

                    WIFREDO A. FERRER
                    UNITED STATES ATTORNEY

            BY:    /s/ W. T. Zloch
                    WILLIAM T. ZLOCH
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar No. 0105619
                    500 S. Australian Avenue, Suite 400
                    West Palm Beach, FL 33401
                    Tel:  (561) 209-1022
                    Fax: (561) 820-8777
                    William.Zloch@usdoj.gov